## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA

| | | |
|---|---|---|
| **KANDY MCDONALD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | |
| **v.** | ) | _____ |
| | ) | |
| **REGIONS BANK (INC.)** | ) | |
| **(ALABAMA),** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**COMES NOW** Kandy McDonald (Mrs. "McDonald"), Plaintiff in the above-styled action, by and through the undersigned counsel, and files her Verified Complaint for Damages and Demand for Jury Trial (the "Complaint"). In support of the Complaint, Plaintiff respectfully shows the Court as follows:

## PRELIMINARY STATEMENT

1.  The Plaintiff, Mrs. McDonald, brings this action against Regions Bank (Inc.) (Alabama) ("Regions") for violations of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA") pursuant to 42 U.S.C. §§ 12101 to 12213 (collective, the

"ADA"), the Age Discrimination in Employment Act pursuant to 29 U.S.C. §§ 621-634. ("ADEA), Title VII of the Civil Rights Act of 1964 pursuance to 42 U.S.C. §§ 2000e *et seq* ("Title VII"), and other tort actions as detailed below.

2. Defendant hired Mrs. McDonald on June 23, 1980.

3. During her thirty-nine-and-a-half-year career with Regions, Mrs. McDonald excelled and secured multiple excellent performance reviews leading to multiple promotions and raises and reached the position of Consumer Banking Manager.

4. Despite Mrs. McDonald's superior performance and many achievements, Regions discriminated against her and fired her in retaliation for needing a reasonable accommodation of her disability, and discriminated against for her age and gender.

5. As a result, Mrs. McDonald has suffered significant emotional and monetary damages.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 USC § 1331, in that this is a civil action arising under the ADA, ADEA, and Title VII.

7.  This Court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

8.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CONDITIONS PRECEDENT

9.  On April 10, 2020, Mrs. McDonald timely filed an initial Inquiry with the Equal Employment Opportunity Commission ("EEOC").

10. On July 31, 2020, Mrs. McDonald timely filed a Charge of Disability Discrimination and Retaliation with the EEOC and a Charge of Age Discrimination and Retaliation.[1]

11. On August 17, 2020, the EEOC issued Mrs. McDonald a Notice of Right to Sue.[2]

12. This Complaint has been filed within ninety days of receipt of the Notice of Right to Sue.

---

[1] A true and accurate copy of the Charge of Discrimination filed with the EEOC on July 31, 2020 is incorporated herein and attached hereto as Exhibit 1.

[2] A true and accurate copy of the Notice of Right to Sue issued by the EEOC on August 17, 2020 is incorporated herein and attached hereto as Exhibit 2.

13. Mrs. McDonald has fully complied with all prerequisites to jurisdiction in this Court under the ADA, ADEA, and Title VII.

## PARTIES

14. Plaintiff McDonald is a resident of the State of Georgia.

15. Plaintiff McDonald is an employee, as defined by the ADA, ADEA, and Title VII.

16. Defendant Regions is a foreign Corporation incorporated under the laws of the State of Alabama and authorized to do business in the State of Georgia with a principal place of business located at 1900 Fifth Avenue North, Birmingham, Alabama 35203 and may be served with process by serving its Registered Agent Corporation Service Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

17. Defendant Regions is an employer as defined by the ADA, ADEA, and Title VII.

## FACTS

18. Mrs. McDonald began working for Regions on June 23, 1980.

19. During her tenure, Mrs. McDonald's work performance exceeded expectations.

20. Mrs. McDonald's performance reviews were consistently excellent.

21. Regions recognized Mrs. McDonald's accomplishments by promoting her and awarding her raises throughout her career.

22. Mrs. McDonald advanced to the position of Senior Vice President and Consumer Banking Manager, a managerial and supervisory role over multiple banks in the region.

23. Following an unfortunate fall on August 7, 2019, Mrs. McDonald fractured a toe and had to have surgery.

24. The injury and subsequent surgery rendered her disabled under the ADA.

25. Following the disabling injury and surgery, she was required to wear an air boot in order to aid in the healing process which severely limited her mobility and prevented from being able to drive.

26. Mrs. McDonald is a qualified individual with a disability under the ADA.

27. As a result of Ms. McDonald's disability, major life activities, such as walking, driving, standing, and working, were substantially limited.

28. Following the fracture and surgery on August 7, 2019, Mrs. McDonald worked from home until September 3, 2019 because she was unable to drive to work.

29. On August 26, 2019, Mrs. McDonald received a phone call from her manager, Sharon Hightower, requesting that Mrs. McDonald submit a request for an accommodation to work from home.

30. Despite her accomplishments, Regions co-workers made several comments to Mrs. McDonald and her colleagues about her age.

31. In an email conversation with twelve employees of Regions, including Mrs. McDonald, dated August 26, 2019, Roslyn Gilstrap, a colleague of Mrs. McDonald, made light of Mrs. McDonald's disability and her age and trivialized her need for an accommodation.

32. In the email, regarding print instructions, Ms. Gilstrap exclaimed "I may have to ask for a Special Accommodation since I'm old! Lol."[3]

33. To Ms. Gilstrap's comment, Ms. Hightower responded, "I have the form ready if anyone needs it-LOL."[4]

34. In an email dated August 27, 2019, Ms. Hightower implied that Mrs. McDonald's disability was a burden, and requested that a colleague, Rodger

---

[3] *See* Email Conversation from August 26, 2019 incorporated herein and attached hereto as Exhibit 1. "Lol" is commonly known to stand for "laugh out loud" or "laughing out loud," an expression used to convey jest.
[4] Exhibit 3.

Hassler, drive Mrs. McDonald to a lunch meeting scheduled for September 10, 2019.[5]

35. Sensing that her disability was a burden on the colleagues and the company, Mrs. McDonald responded that she would get her own transportation and would make it work.[6]

36. At other times, colleagues showed an animosity toward Mrs. McDonald's disability and the similar disabilities of other employees, showing a pattern of discrimination and retaliation toward disabled individuals.

37. Colleagues joked about Mrs. McDonald's disability and another employee who similarly wore a boot.

38. There was another employee wearing a boot, similar to Mrs. McDonald's, that a supervisor and another colleague were interested in terminating.

39. Given that the other employee was wearing a boot, the supervisor and colleague knew that the risk of litigation if they terminated the other employee was still wearing the boot was too great.

40. Instead, the supervisor and colleague intended to wait until the employee's boot came off to terminate her at that time.

---

[5] *See* Email Conversation from August 27, 2019 incorporated herein and attached hereto as Exhibit 4.
[6] Exhibit 4.

41. The supervisor and colleague crafted an inside joke, that was not funny in the least bit, to refer to the time at which it would be appropriate to terminate the other employee.

42. The supervisor and colleague created a code-word "Code: The Boot it Off" to imply the time at which it was appropriate to terminate the disabled employee, and the two found this code-word to be quite humorous despite the lack of humor.

43. On another occasion, Ms. Hightower stated aloud to Mrs. McDonald, with others present, that "if any employee was in jeopardy of losing their job, that the employee should get someone to push them down the stairs."

44. Ms. Hightower was showing animosity and hostility toward disabled individuals, and seemed to imply that, while disabled, they are less capable of completing their work and less important than other non-disabled employees.

45. On September 3, 2019, Mrs. McDonald began working from the office again for a short period of time and arranged transportation to and from the various branches with either family members or colleagues driving her.

46. Following her diagnosis, Mrs. McDonald informed Danielle Buchanan, Vice President and Human Resources Fulfillment Supervisor, that she would need

a Reasonable Accommodation consisting of working from home, also known as tele-working, and a prohibition on driving for work.

47. Mrs. McDonald provided Regions with a doctor's note to support her request for the accommodations.

48. On September 10, 2019, Mrs. McDonald was granted a Reasonable Accommodation where she could work remotely from home, and would not be required to drive for work through the end of October of 2019.

49. On October 16, 2019, while still under Accommodation to work from home, Mrs. McDonald was terminated.

50. Regions alleged that the termination was due to a violation of company privacy policies, but that was merely pretext for discrimination and retaliation for needing an Accommodation which Regions saw as a burden on the company and was pretext for age and gender discrimination.

51. In addition, Regions co-workers marginalized Mrs. McDonald while treating younger similarly-situated employees more favorably.

52. Mrs. McDonald was fifty-eight years old at the time that she was terminated.

53. On multiple occasions prior to her termination, Mrs. McDonald was overlooked for challenging work assignments and promotions due to her age,

and Regions instead chose younger workers for those assignments and promotions.

54. Mrs. McDonald is a member of a protected class under the ADEA being that she was over the age of forty when she was fired.

55. Regions fired her based on her age.

56. Tellingly, Regions replaced Mrs. McDonald with an employee many years younger that Mrs. McDonald, who had significantly less experience in the banking industry than Mrs. McDonald and had been with the company for less time than Mrs. McDonald.

57. Shortly thereafter, two new Consumer Banking Managers were also hired who were substantially younger than Mrs. McDonald.

58. Before her termination, Regions marginalized Mrs. McDonald while treating similarly-situated employees more favorably.

59. Mrs. McDonald was legally entitled to a Reasonable Accommodation for her disability.

60. Regions subsequently took a materially adverse employment action against Mrs. McDonald by terminating her barely a month after being granted, and while still subject to, the Reasonable Accommodation of teleworking.

61. The termination was causally connected to the taking of the Reasonable Accommodation.

## COUNT I: RETALIATION IN VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT 42 U.S.C. §§ 12181 *et seq.*

62. Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 61 of the Complaint.

63. On August 7, 2019, Mrs. McDonald was diagnosed with a fractured toe, making her a qualified individual with a disability within the meaning of 42 U.S.C. § 12111 of the ADA.

64. Mrs. McDonald could perform the essential functions of her position with or with a Reasonable Accommodation.

65. On August 26, 2019, supervisor Sharon Hightower suggested that Mrs. McDonald make a request for an Accommodation to telework since she was unable to drive to work.

66. Regions employees Roslyn Gilstrap and Sharon Hightower made demeaning and discriminatory comments to and in the presence of Mrs. McDonald in an email conversation from August 26, 2019.[7]

---

[7] Exhibit 3.

67. Specifically, Ms. Gilstrap made light of Mrs. McDonald's need for a Reasonable Accommodation, stating in the group email "I may have to ask for a Special Accommodation since I'm old! Lol."

68. Ms. Hightower responded, trivializing Mrs. McDonald's disability, stating, "I have the form ready if anyone needs it-LOL."[8]

69. On another occasion, Ms. Hightower made similar disparaging and discriminatory statements to and in the presence of Mrs. McDonald about disabled workers.

70. On September 10, 2019, Mrs. McDonald notified Danielle Buchannan, Human Resources Fulfillment Supervisor of her disability and requested a reasonable accommodation for teleworking since she was unable to drive due to the air boot she had to wear after surgery.

71. Mrs. Buchanan ultimately granted Mrs. McDonald a Reasonable Accommodation, but other employees of Regions discriminated against her disability by making discriminatory comments and ultimately terminating her for being disabled.

72. Mrs. McDonald was qualified for her position when Regions fired her on October 16, 2019.

---

[8] Exhibit 3.

73. Mrs. McDonald engaged in protected activity by requesting and taking an Accommodation.

74. A few weeks after Mrs. McDonald became disabled, employees of Regions made demeaning and discriminatory comments about her disability to and in the presence of Mrs. McDonald and co-workers.

75. Additionally, a few weeks after requesting and being granted an Accommodation, Regions summarily fired Mrs. McDonald on October 16, 2019 allegedly because of violations of privacy policies.

76. Regions' alleged reason for terminating Mrs. McDonald's employment is pretextual and baseless.

77. Regions fired Mrs. McDonald because she needed a Reasonable Accommodation.

78. Mrs. McDonald suffered damages as a result of Regions' unlawful discriminatory and retaliatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action in an amount to be determined at trial.

79. Regions intentionally violated Mrs. McDonald's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT II: DISCRIMINATORY TERMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§ 621 *et seq.*

80. Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 79 of the Complaint.

81. Mrs. McDonald was fifty-eight-years-old and qualified for her position when Regions fired her.

82. Employees of Regions regularly made discriminatory comments to Mrs. McDonald and her co-workers regarding older women.

83. For example, On August 26, 2019, Ms. Gilstrap stated in the email conversation "I may have to ask for a Special Accommodation since I'm old! Lol" making light of older employees including Mrs. McDonald.

84. Immediately after firing Mrs. McDonald, Regions replaced her with a younger employee with less experience and less years with the company than Mrs. McDonald had.

85. Mrs. McDonald suffered damages as a result of Regions' unlawful discriminatory and retaliatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action in an amount to be determined at trial.

86. Regions willfully violated Mrs. McDonald's rights under the ADEA, and, as a result, is liable for liquidated damages.

## COUNT III: RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§ 621 *et. seq.*

87. Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 86 of the Complaint.

88. Mrs. McDonald engaged in protected activity, but was summarily fired on October 16, 2019 allegedly for violation of company policy.

89. Regions' alleged reason for terminating Mrs. McDonald is pretextual and baseless.

90. Regions, in fact, fired Mrs. McDonald for being an older employer and replaced her with a much younger less experienced employee.

91. Mrs. McDonald suffered damages as a result of Regions' unlawful discriminatory and retaliatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action in an amount to be determined at trial.

92. Regions willfully violated Mrs. McDonald's rights under the ADEA, and, as a result, is liable for liquidated damages.

## COUNT IV: DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e *et seq.*

93.  Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 92 of the Complaint.

94.  Mrs. McDonald is female and was qualified for her position when Regions fired her.

95.  Regions discriminated against and marginalized Mrs. McDonald while treating similarly situated employees more favorably.

96.  Mrs. McDonald suffered damages as a result of Regions' unlawful discriminatory and retaliatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action in an amount to be determined at trial.

97.  Regions intentionally violated Mrs. McDonald's rights under Title VII, with malice and reckless indifference, and, as a result, is liable for punitive damages.

## COUNT V: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e *et seq.*

98.  Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 97 of the Complaint.

99. Mrs. McDonald is female and was qualified for her position when Regions fired her.

100. Mrs. McDonald engaged in protected activity, but was summarily fired on October 16, 2019 allegedly for violation company privacy policy.

101. Regions' alleged reason for terminating Mrs. McDonald's employment is pretextual and baseless.

102. Regions fired Mrs. McDonald because of is supervisors' animosity and hostility toward female employees.

103. Mrs. McDonald suffered damages as a result of Regions' unlawful discriminatory and retaliatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action in an amount to be determined at trial.

104. Regions intentionally violated Mrs. McDonald's rights under Title VII, with malice and reckless indifference, and, as a result, is liable for punitive damages.

## COUNT VI: DEFAMATION

105. Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 104 of the Complaint.

106. Employees of Regions, including a supervisor of Mrs. McDonald, made false and defamatory statements about Mrs. McDonald implying a lack of ability associated with her disability and age.

107. Specifically, Ms. Gilstrap implied Mrs. McDonald required a Special Accommodation to understand the print instructions because of Mrs. McDonald's age which was false and defamatory.[9]

108. Furthermore, Ms. Hightower, a supervisor of Mrs. McDonald made light of the Accommodation request that Mrs. McDonald needed to make and stated that she had the Accommodation request form ready if anyone needs it implying that the Mrs. McDonald's request was a burden and made her less capable of working than other employees.

109. The false and defamatory remarks were made to other employees of Regions.

110. The false and defamatory statements and implications were intentionally made in reckless disregard of the truth.

111. Regions is liable for the actions of its employees and agents.

112. As a result of the false and defamatory statements and implications, Mrs. McDonald suffered significant damage to her character and her reputation in an amount to be determined at trial.

---

[9] Exhibit 3.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113. Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 112 of the Complaint.

114. Regions' pretextual and baseless termination, discriminating and retaliating against Mrs. McDonald was extreme and outrageous conduct.

115. Additionally, the false, defamatory, and malicious comments of Regions' employees making light of Mrs. McDonald's disability and her need for an Accommodation was also extreme and outrageous conduct.

116. The baseless, discriminatory, and retaliatory termination and the malicious, defamatory, and discriminatory comments intentionally and recklessly caused Mrs. McDonald to suffer severe emotional distress.

117. The severe emotional distress, including but not limited to increased stress, uncertainty about finances, loss of sleep, and uncertainty of future employment opportunities, cause Mrs. McDonald to suffer damages in an amount to be determined at trial.

## COUNTER VIII: PUNITIVE DAMAGES
## PURSUANT TO O.C.G.A. § 52-12-5.1

118. Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 117 of the Complaint.

119. Regions has acted with willful misconduct, malice, fraud, wantonness, or the entire want of care that would raise the presumption of conscious indifference to consequences.

120. Mrs. McDonald is entitled to recover punitive damages in an amount to be determined at trial by the enlightened conscience of an impartial jury.

**COUNTERCLAIM X: ATTORNEY'S FEES
PURSUANT TO O.C.G.A. § 13-6-11**

121. Mrs. McDonald realleges and incorporates as if fully set forth herein the facts and allegations set forth in Paragraphs 1 through 120 of the Complaint.

122. Regions has conducted itself in bad faith and in a stubbornly litigious manner and caused the Mrs. McDonald the unnecessary trouble and expense of bringing this action.

123. Mrs. McDonald is entitled to an award for its attorneys' fees, costs and expenses associated with this action in an amount to be determined at trial by the enlightened conscience of an impartial jury.

**WHEREFORE**, Mrs. McDonald respectfully prays that this Court enter judgment as follows:

1.  Accept Jurisdiction over this matter;

2. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

3. Award Plaintiff compensatory, liquidated, and punitive damages;

4. Order Regions to reinstate Mrs. McDonald to a position comparable to her former position, or, in lieu of reinstatement, award her front pay including benefits;

5. Award to Mrs. McDonald all costs and reasonable attorneys' fees incurred in connection with this action; and

6. Grant Mrs. McDonald such additional or alternative relief as the Court deems just and proper.

7. Order Plaintiff to pay Defendant's costs and expenses, including Defendant's attorneys' fees incurred in defending this action; and

8. Grant Defendant other such further equitable and legal relief that this Court may deem proper.

## **JURY DEMAND**

Mrs. McDonald demands a trial by jury on all claims properly triable by a jury.

*[Signature on the following page]*

**This** 13th day of November, 2020.

Respectfully submitted,

**WEENER NATHAN PHILLIPS LLP**

/s/ Mathis L. Wilkens
Mathis Wilkens
Georgia Bar No.: 930847
*Attorney for Plaintiff Kandy McDonald*

5887 Glenridge Drive, NE, Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004
Email:   mwilkens@wnpllp.com

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **KANDY MCDONALD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.:** |
| **v.** ) | |
| ) | _____ |
| **REGIONS BANK (INC.)** ) | |
| **(ALABAMA),** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |
| _____ ) | |

## <u>VERIFICATION</u>

PERSONALLY APPEARED before the undersigned officer duly authorized to administer and receive oaths, Plaintiff KANDY MCDONALD, who, after being duly sworn, states that all of the allegations in the foregoing VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY, are true and correct to the best of her knowledge, information, and belief.

This 12<u>th</u> day of November 2020.

_____
**Kandy McDonald**

Sworn to and subscribed before me this
<u>12th</u> day of November 2020.

_____
Notary Public

My commission expires: 4/9/2023



# EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☒ EEOC

Agency(ies) Charge No(s):
**410-2020-04959**

and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mrs. Kandy C. McDonald** | **7067825280** | **1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1964 Warwoman Rd, Clayton, 30525** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **REGIONS BANK** | **500 or More** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **178 East Savannah Street, Clayton, GA 30525** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-26-2019**   Latest **10-26-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above-named employer on June 23, 1980, and most recently employed as a Consumer Banking Manager. In or about August 2019, I suffered an injury due to a fall that resulted in surgery. I worked remotely from home until I returned to work until September 2019. On October 16, 2019, shortly after I returned to work I was discharged, and a younger employee was placed in my position.

I was told I was discharged because of a company confidentiality violation. Specifically, for accessing my daughters and granddaughter's banking records.

I believe I was discriminated against because of my age (58), in violation of the Age Discrimination in Employment Act of 1967, as amended and because of my disability and because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *7-31-2020* *Kandy C McDonald* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date    Charging Party Signature | |

# EXHIBIT "2"

Mcdonald, Kandy C.EEOC Form 161 (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  Kandy C. McDonald            From:  Atlanta District Office
     1964 Warwoman Rd                    100 Alabama Street, S.W.
     Clayton,  30525                     Suite 4R30
                                         Atlanta, GA 30303

|  | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2020-04959 | **Regina S. Brown,** **Investigator Support Asst** | **(404) 562-6837** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Deneen Hodges   Digitally signed by Deneen Hodges
DN: cn=Deneen Hodges, o=ATLANTA DISTRICT OFFICE,
ou=EEOC, email=deneen.hodges@eeoc.gov, c=US
Date: 2020.08.17 09:01:44 -04'00'      FOR          08/17/2020

Enclosures(s)                    **Darrell E. Graham,**          *(Date Mailed)*
                                 **District Director**

cc:
     Angela Henderson
     Human Resources
     REGIONS BANK
     1900 Fifth Avenue North
     Suite 2200
     Birmingham, AL 35203

# EXHIBIT "3"

**Kandy McDonald**

| | |
|---|---|
| **From:** | Sharon W. Hightower |
| **Sent:** | Monday, August 26, 2019 1:55 PM |
| **To:** | Roslyn Gilstrap; Mia Hubbard; Alan Malcolm; Rokki A. Coleman; David A. Harris; Rodger D. Hassler; Kandy McDonald; Sherrie Addington; Kristina L. Justice; Christine M. Senior; Tina Maillet |
| **Subject:** | RE: Activities Dashboard print instructions |

**SecureMailType:**          0

I have the form ready if anyone needs it-LOL

Sharon W. Hightower
*Senior Vice President*
*Consumer Banking Executive*
GA/SC Consumer Banking | Regions Bank
515 Atlanta Road | Cumming, GA 30040 | GACG62200B
O: 678.845.5773 | C: 404.567.0161 | F: 770.888.4736 | sharon.hightower@regions.com

**From:** Roslyn Gilstrap
**Sent:** Monday, August 26, 2019 1:52 PM
**To:** Sharon W. Hightower <Sharon.Hightower@regions.com>; Mia Hubbard <Mia.Hubbard@regions.com>; Alan Malcolm <Alan.Malcolm@regions.com>; Rokki A. Coleman <rokki.coleman@regions.com>; David A. Harris <David.Harris@regions.com>; Rodger D. Hassler <Rodger.Hassler@regions.com>; Kandy McDonald <Kandy.McDonald@Regions.com>; Sherrie Addington <Sherrie.Addington@regions.com>; Kristina L. Justice <Kristina.Justice@regions.com>; Christine M. Senior <christine.senior@regions.com>; Tina Maillet <tina.maillet@regions.com>
**Subject:** RE: Activities Dashboard print instructions

I may have to ask for a Special Accommodation since I'm old! Lol

**From:** Sharon W. Hightower
**Sent:** Monday, August 26, 2019 1:51 PM
**To:** Roslyn Gilstrap <Roslyn.Gilstrap@regions.com>; Mia Hubbard <Mia.Hubbard@regions.com>; Alan Malcolm <Alan.Malcolm@regions.com>; Rokki A. Coleman <rokki.coleman@regions.com>; David A. Harris <David.Harris@regions.com>; Rodger D. Hassler <Rodger.Hassler@regions.com>; Kandy McDonald <Kandy.McDonald@Regions.com>; Sherrie Addington <Sherrie.Addington@regions.com>; Kristina L. Justice <Kristina.Justice@regions.com>; Christine M. Senior <christine.senior@regions.com>; Tina Maillet <tina.maillet@regions.com>
**Subject:** RE: Activities Dashboard print instructions

Oh my????? I print all day-LOL

Sharon W. Hightower
*Senior Vice President*
*Consumer Banking Executive*
GA/SC Consumer Banking | Regions Bank

1

# EXHIBIT "4"

## Kandy McDonald

| | |
|---|---|
| **From:** | Kandy McDonald |
| **Sent:** | Tuesday, August 27, 2019 11:30 AM |
| **To:** | Sharon W. Hightower |
| **Cc:** | Christine M. Senior; Rodger D. Hassler; Amanda L. Coffey |
| **Subject:** | Re: Branch Visits with Shana Fail |

I'll get transportation to Bethelview; I can make it work.

Sent from my iPhone

On Aug 27, 2019, at 11:01 AM, Sharon W. Hightower <Sharon.Hightower@regions.com> wrote:

> See below, can you make this work with your schedule? Rodger, Kandy can still not drive, can you take her to Bethelview also?
>
> Thanks-
>
> **Sharon W. Hightower**
> *Senior Vice President*
> *Consumer Banking Executive*
> GA/SC Consumer Banking | Regions Bank
> 515 Atlanta Road | Cumming, GA 30040 | GACG62200B
> O: 678.845.5773 | C: 404.567.0161 | F: 770.888.4736 | sharon.hightower@regions.com
>
>
> **From:** Sharon W. Hightower
> **Sent:** Tuesday, August 27, 2019 10:51 AM
> **To:** Shana Fail <Shana.Fail@regions.com>
> **Subject:** RE: Sept 10 Lunch
>
> So happy you can attend. Michelle and I are heading to Northwest Georgia for Branch visits on Wednesday, But I will have the CBM's take you around-
>
> Christine can take you Parkaire on the afternoon of the 10th and Rodger can take you to Decatur, Sugar Hill and Bethalview on the 11th.
>
> We will put a schedule together and send it to you.
>
> Thanks-
>
> **Sharon W. Hightower**
> *Senior Vice President*
> *Consumer Banking Executive*
> GA/SC Consumer Banking | Regions Bank
> 515 Atlanta Road | Cumming, GA 30040 | GACG62200B
> O: 678.845.5773 | C: 404.567.0161 | F: 770.888.4736 | sharon.hightower@regions.com